# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CYNTHIA KAHLE,

    Plaintiff,

v.

CLARK COUNTY SCHOOL DISTRICT,

    Defendant.

2:09-CV-246 JCM (PAL)

### ORDER

Presently before the court is defendant Clark County School District's (hereinafter "the school district") motion for attorney's fees. (Doc. #63). Plaintiff Cynthia Kahle filed an opposition. (Doc. #65). Defendant filed a reply. (Doc. #68).

Plaintiff's complaint stems from the defendant's alleged discrimination against whites, females and those over the age of 40 in hiring for the position of principal. Plaintiff Kahle is an assistant principal, with a doctorate, two master degrees, and a bachelor of science degree, all in education. (Doc. #65). Mrs. Kahle had 15 years teaching experience, but was denied the position of principal several times. *Id.* After allegedly being "tired of seeing others promoted over her," plaintiff filed a charge-of-discrimination in September of 2007, claiming that the defendant has a practice of discrimination. (Doc. #63-1 Exhibit 1).

Upon investigation, the Nevada Equal Rights Commission (hereinafter "equal rights commission") concluded that "the evidence [did] *not* meet the legal standard to determine that a violation ha[d] occurred." (Doc. #63-1 Exhibit 3) (emphasis supplied). Plaintiff then filed the instant

**James C. Mahan**
**U.S. District Judge**

action, asserting that the district had a practice of discriminating against whites, females and those over 40 years old. After the court entered an order dismissing plaintiff's claims for negligent infliction of emotional distress, intentional infliction of emotional distress, negligence per se, negligent hiring, retention and supervision, and negligence (doc. #20), and the parties engaged in discovery, the school district filed a motion for summary judgment (doc. #42).

The court held a hearing on the summary judgment motion on October 15, 2010 (doc. #54), and entered an order granting the district's motion on October 21, 2010 (doc. #56). In the order (doc. #56), the court held that there were no genuine issues of material fact concerning plaintiff's Age Discrimination in Employment Act claim, NRS Chapter 613 discrimination claim, Title VII claim, and Title VII retaliation claim. During the hearing (doc. #66), the court held that the plaintiff was bound by her original charge that the school district had a policy or practice of promoting those who were younger, a minority, or male, and that the statistics provided by the school district did not support such allegations.

Further, the court held that the retaliation claim was not supported by any admissible evidence, and that the school district had provided the court with a legitimate reason why the plaintiff was not promoted. (Doc. #66). Additionally, the court held that the claim of hostile work environment was not supported by the evidence. Lastly, the court concluded that the plaintiff's assertions regarding four specific principal positions went beyond the scope of the original charge, and were unfounded. *Id.*

**Motion for Attorney's Fees**

In an action under Title VII, such as this, the prevailing party is entitled to an award of attorney's fees. 42 U.S.C. 2000e-5(k). When a plaintiff's claims are "unreasonable, frivolous, meritless, or vexatious," the Supreme Court has held that an award of attorney's fees is proper. *Christianburg Garmet Co. v. EEOC,* 434 U.S. 412, 421 (1978). The Ninth Circuit recognizes that a plaintiff may be liable for attorney's fees in cases where it is clear that if the plaintiff had "made a reasonable inquiry into the applicable facts and law before filing their case[,] they would have discovered the insufficiency of their civil rights claim." *Margolis v. Ryan,* 140 F.3d 850, 854 (9th

Cir. 1998).

### A. Frivolous Claims

The school district contends in its motion for attorney's fees (doc. #63) that the plaintiff's claims were frivolous and that an award of attorney's fees is warranted. Defendant asserts that a simple look at the chain of events demonstrates that plaintiff was aware of the insufficiency of her claims before filing. Plaintiff filed her charge with the equal rights commission in August of 2007, claiming that the school district liked to promote males, then minority candidates, and that "90% of all new Principals are in the 20s-30s age group." (Doc. #63-1 Exhibit 1).

Following the filing of her charge, on May 20, 2008, the school district wrote a letter to the plaintiff explaining that her claim did not have merit and was not supported in fact. (Doc. #63-1 Exhibit 3). The letter provided her with statistics from the past eight years that demonstrated that 75% of principals hired during that time were white (her own race), that when "considering age, race and gender combined, the largest group promoted to principal positions was [w]hite [f]emales over the age of 40, the same as the [c]harging [p]arty," that "68% of the total [principals were] over 40 years of age," and that the "lack of promotion must be attributed to some reason other than illegal discrimination." *Id.* Notwithstanding the statistics, plaintiff pursued further legal action.

After plaintiff filed the present action, she was again provided with the same statistics as part of the school district's rule 26 disclosures, and was given a list of the new principal hires since the time of the equal rights commission's letter. The plaintiff did not produce any evidence or testimony to rebut these statistics, never argued that they were inaccurate, and never provided the court with objective evidence to support her assertion that she should have been promoted. Despite the lack of evidence supporting her position and the direct contradiction the statistics provided, she never dismissed her claims, and continued to litigate through the discovery stage and up to the defendant's motion for summary judgment (doc. #42).

The school district argues that since the plaintiff's allegations "were proven to be totally false" at the summary judgment hearing, and at all stages of the litigation, even beforehand, she knew "her allegations were patently false," an award of attorney's fees is appropriate. *Margolis,* 140

F.3d 850, 854.

To rebut this, plaintiff argues that the court should not engage in "post hoc reasoning by concluding that, because plaintiff did not ultimately prevail, [her] action must have been unreasonable or without foundation." *Christianburg Garmet Co.,* 434 U.S. 412, 422. Further, plaintiff implies that if the lawsuit was frivolous from the beginning, the school district should have "sent a letter advising her of that fact and insisting that she drop her case or risk sanctions and/or attorney's fees," and that it "never once indicated that [plaintiff's] case was frivolous and that she should agree to dismiss it based on its lack of merit" or made an offer of judgment. (Doc. #65). Additionally, plaintiff contends that the determination of attorney's fees should not be based upon the court's ultimate conclusion, but 'upon the information which was available to [her] when she initiated her lawsuit." *Id.*

The court agrees with the school district, that the defendant does not have a duty to write her a letter, to indicate to her that her claims were frivolous, or to make an offer of judgment. Further, the court finds that the evidence supports the conclusion that she *did* in fact know of the statistics and that they negated her claim of discrimination *prior to* and at all relevant times of the litigation. The court is not employing a "post hoc reasoning," and is not concerned with the ultimate ruling of the court, rather is concerned with the plaintiff's knowledge from the beginning that her claims were lacking evidentiary support. *Christianburg Garmet Co.,* 434 U.S. 412, 422. Thus, the court is inclined to award reasonable attorney's fees. *Id.*

**B.     Reasonableness of Fees**

In the motion for attorney's fees (doc. #63), the school district asks this court to award attorney's fees in the amount of $13,200. Under Local Rule 54-16, the prevailing party seeking attorney's fees must file a motion demonstrating the reasonableness of the award, an itemization and description of the work performed, an itemization of all costs, and an attorney affidavit. As fully discussed below, the school district has provided the court with the required documents, warranting an award of fees.

The school district filed with the court the affidavit of counsel S. Scott Greenberg (doc. #63-1

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  Exhibit 7), which states that he "personally did the work for which the motion seeks attorney's fees,"
2  that the "hourly rate of $200 is reasonable," and that the total amount of hours expended on this case
3  "is being limited to 66 hours." Further, the school district contends that counsel has "substantial
4  experience in employment cases such as these," which justifies the hourly rate. Defendant also
5  provided the court with an itemization and description of the work performed, beginning with the
6  initial review of the complaint and ending with the preparation of and hearing for the summary
7  judgment motion. Lastly, counsel asserts that there can be no argument with regards to the
8  reasonableness, as he spent "considerably more hours on this matter including discovery issues,
9  document review, supplemental disclosures, interviews, and other matters."

10  As the court finds that $200 per hour is a reasonable rate, and the school district has provided
11  the necessary documents to support the motion for attorney's fees, it is inclined to award the
12  defendant $13,200 in attorney's fees.

13  Accordingly,

14  IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Clark County
15  School District's motion for attorney's fees (doc. #63) be, and the same hereby is, GRANTED.

16  DATED May 3, 2011.

_____
**UNITED STATES DISTRICT JUDGE**